13-1738
Saunders v. Vinton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

PRESENT:
> **PETER W. HALL,**
> **DEBRA ANN LIVINGSTON,**
> *Circuit Judges,*
> **MARGO K. BRODIE,**[*]
> *District Judge.*

RANDALL SAUNDERS,

> *Plaintiff-Appellant,*

> v.                                                          13-1738

BLAIR VINTON, NEVA LLOYD, HECTOR RIVERA,

> *Defendants-Appellees.*

**FOR PLAINTIFF-APPELLANT:**              Randall Saunders, *pro se*, Brooklyn, CT.

---

[*]Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**     Steven R. Strom, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Randall Saunders, *pro se* and incarcerated, brought an action under 42 U.S.C. §§ 1983, 1985(2), and 1986 against Enfield Correctional Institution ("Enfield") employees Captain Blair Vinton, Lieutenant Neva Lloyd, and Correctional Officer Hector Rivera, alleging that they conspired and retaliated against him as well as interfered with his legal mail in violation of his right of access to the courts. Saunders appeals from the district court's order granting summary judgment to the defendants on his access to the courts claims, and *sua sponte* dismissing his retaliation and conspiracy claims under 28 U.S.C. § 1915(e)(2)(B)(ii). Saunders also moves for sanctions against appellees' counsel, arising out of counsel's failure to properly redact an exhibit containing the home addressees of Saunders's visitors at Enfield, as directed by the district court.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that "there are no genuine issues of material fact and that the moving party [was] entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are "required to resolve all ambiguities and draw all factual inferences in favor of the [non-movant]. The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most

2

favorable to the [non-moving] party." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (internal quotation marks omitted).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We review *de novo* "a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)." *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  District courts should generally not dismiss a *pro se* complaint without granting the plaintiff at least one opportunity to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Leave to amend is not necessary, however, when it would be futile. *See id*.

The district court properly granted summary judgment to the defendants on Saunders's access to the courts claim.  Saunders's argument on appeal that his former attorney, Martin Zeldis, confirmed that documents were missing from his box of legal files fails.  In the letter from Zeldis that Saunders refers to, Zeldis stated that he had been advised that the file had been given "in its entirety" to Saunders, but that Saunders had told him that it appeared to have been

3

tampered with. Thus, contrary to Saunders's assertion, Zeldis did not confirm that documents were missing from the file.

The district court did not err in *sua sponte* dismissing Saunders's §§ 1985(2), 1986, and retaliation claims for failure to state a claim. Arguably, the district court could have granted Saunders leave to amend before dismissing his claim under the second section of § 1985(2) prohibiting conspiracies to impede or obstruct justice in state court. Saunders's argument on appeal that he intended to argue that he, as a prisoner, was a member of a protected class, however, reveals that such amendment would have been futile. We have never held that prisoners constitute a protected class, and other circuits have explicitly held that they do not. *See, e.g.*, *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000) (holding that "prisoners simply are not a suspect class" and collecting cases from other circuits). Accordingly, leave to amend was not necessary. *Cuoco*, 222 F.3d at 112.

Saunders's argument that the district court failed to address the claim in his complaint that the defendants retaliated against him by obstructing a January 2012 grievance filing is similarly unavailing. In his complaint, Saunders alleged that he attempted to file a grievance a few days after his missing box of legal files was discovered; a few days after that, he was informed that his grievance had been sent to the wrong facility and that he had completed the form incorrectly. He alleged that he then "dictated his grievance over the phone to his power of attorney and had a copy sent to commissioner of correction with a copy to the warden . . . [and] the deputy warden maintained he [would] investigate to resolution." While the district court did not address this allegation, it presumably failed to do so because Saunders's complaint did not make clear that this was intended to be an allegation of retaliation. In any event, Saunders

4

alleged that he immediately re-filed the grievance. Thus, any retaliation claim arising from this set of facts would have failed, as the conduct did not deter him from continuing to file grievances. *See Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) ("[W]e have previously defined 'adverse action' *objectively*, as retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'").

Finally, we **DENY** Saunders's motion for sanctions. Under Fed. R. App. P. 46(c), this Court may discipline an attorney "for failure to comply with any court rule." Saunders contends that appellees' counsel filed in this Court an exhibit containing not only the addresses of Saunders's visitors (which the district court had directed be redacted), but also the full name of a minor child in violation of Fed. R. App. P. 25(a)(5) and Fed. R. Civ. P. 5.2(a)(3). This Court's Clerk's Office has since sealed appellees' appendix and directed counsel to file a new appendix, redacting the information identified by the district court. Appellees' counsel complied with this order and submitted a corrected and redacted appendix on December 23, 2013. Additionally, in responding to the district court's December 17, 2013 Order to show cause for his failure to comply with the order to redact, counsel for appellees indicated that no minor was involved, as the individual in question was listed as being 18 years old, and that although counsel had repeatedly sought to comply with the order, the redacted document was filed under seal and the unredacted version remained on the public docket. Appellees' counsel in a separate filing also informed the district court that the inclusion of the street address in publicly filed documents was unintentional and an error. Counsel apologized for this mistake. Upon review of the appellate record, counsel's failure to comply with court rules, if there was such failure, appears to be unintentional. We, therefore, deny Saunders's motion for sanctions. We leave it to the district

5

court's discretion to decide whether counsel violated its rules or orders and whether sanctions are appropriate in the district court.

We have considered all of Saunders's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motion for sanctions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk